UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRANCE PUGH,

        Plaintiff,                    Case No. 2:14-cv-227

v.                                        Honorable Gordon J. Quist

UNKNOWN NAPLES, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff Terrance Pugh, a state prisoner currently confined at the Ionia Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden

Unknown Naples, Deputy Warden Unknown Price, Deputy Warden Unknown Alexander, Assistant Resident Unit Supervisor Unknown Nardi, Assistant Resident Unit Supervisor Unknown Vitall, Assistant Resident Unit Supervisor Unknown Govern, Inspector Unknown Contrace, and the Marquette Branch Prison (MBP).

In his complaint, Plaintiff alleges that on May 21, 2014, he arrived at MBP and was housed in the same unit as prisoner Justin Perrom #636671. Plaintiff states that he and Perrom were not supposed to be housed in the same unit because Plaintiff had allegedly stabbed Perrom and prisoner Dwight Hartsfield #293810 while at the Brooks Correctional Facility in 2013. Plaintiff claims that another prisoner was involved, but that he took the blame for the entire incident. A Special Problem Offender Notice (SPON) was placed in the prisoner files of Plaintiff and inmate Perrom, noting that they were not to be in contact with each other.

Once Plaintiff arrived at MBP, prisoner Perrom notified Defendant Nardi of the SPON and asked that Plaintiff be moved. Defendant Nardi asked Plaintiff to complete a form indicating that he would not harm prisoner Perrom, which Plaintiff agreed to do. Defendant Nardi's subsequent refusal to move Plaintiff made him uneasy and on June 23, 2014, prisoner Perrom attacked Plaintiff with a series of punches while Plaintiff was walking to the yard. Plaintiff states that he and Perrom were both escorted to segregation. While in segregation, Defendant Vitall came to Plaintiff's cell and asked whether Plaintiff had really stabbed inmate Perrom. Defendant Contrace also asked Plaintiff about his history with prisoner Perrom. After a ten day stay in segregation, Plaintiff was released to B Unit and a week later inmate Perrom was also released to B Unit.

In the first week of August, Defendant Govern asked Plaintiff who he had problems with and stated that staff had received a kite indicating that Plaintiff was to be stabbed. Plaintiff refused protective custody and signed a waiver brought to him by Defendant Nardi. After prison

officials observed Plaintiff going to yard and on call outs, they placed him in segregation, stating that it was because of the SPON.

Plaintiff claims that Defendants Naples, Price and Alexander violated his Eighth Amendment rights when they allowed Plaintiff and prisoner Perrom to be housed in the same unit in violation of the SPON. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

**Discussion**

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill*

*v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To state a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendants were deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a

sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.")

In this case, prisoner Perrom attacked Plaintiff with a series of punches on June 23, 2014, while Plaintiff was walking to the yard. Prior to this time, prison officials were aware that Plaintiff had previously stabbed prisoner Perrom and had made Plaintiff agree not to attack prisoner Perrom. However, there does not appear to have been any indication that Plaintiff was likely to be attacked by prisoner Perrom. Therefore, Defendants could not have been deliberately indifferent to such a risk.

After the attack, both Plaintiff and prisoner Perrom were placed in segregation. Within a month, both Plaintiff and prisoner Perrom were back on B Unit. During the first week of August, Defendant Govern told Plaintiff that staff had received a kite saying that Plaintiff was going to be stabbed. Plaintiff was offered protective custody and refused, continuing to go to yard and on call outs. Consequently, Plaintiff was placed in segregation. Based on Plaintiff's allegations, it is clear that prison officials took appropriate measures to ensure that Plaintiff would not be attacked as soon as they were aware of any risk to his safety. The court concludes that Plaintiff's claims are properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  April 27, 2015                         /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE